CHARLES GALLO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; PAMELA GALLO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gallo v. Commissioner
Docket Nos. 11402-79, 11813-79.
United States Tax Court
T.C. Memo 1982-699; 1982 Tax Ct. Memo LEXIS 44; 45 T.C.M. (CCH) 247; T.C.M. (RIA) 82699; November 30, 1982. *44 Respondent's notice of deficiency determined unreported income and imposed the sec. 6653(a), I.R.C. 1954, negligence addition. Held, amount of unreported income redetermined and imposition of addition sustained. Michael E. Cozza,John T. Price, and James E. Konchan, for the petitioners. Kristine A. Roth, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: In these consolidated cases, respondent determined deficiencies and additions to tax as follows: Docket
Addition to tax
Number
Petitioner
Deficiency
Pursuant to sec. 6653(a)
11402-79
Charles Gallo
$3,708.00
$185.00
11813-79
Pamela Gallo
3,708.00
[1] 185.00
*45 After concessions, the issues for decision are (1) whether petitioners understated their income for the taxable year 1975 in the amount determined by respondent; (2) whether petitioners are liable for the addition to tax pursuant to section 6653(a), I.R.C. 1954, for 1975; and (3) whether petitioner Mrs. Gallo is entitled to relief under the innocent spouse provision of section 6013(e)(1). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner Charles Gallo resided in Parma Heights, Ohio at the time of filing the petition herein. Petitioner Pamela Gallo also was a resident of Ohio at the time of filing the petition herein. They filed a joint Federal income tax return with the Internal Revenue Service Center, Cincinnati, Ohio for the taxable year 1975. In 1975 Mr. Gallo (hereinafter petitioner) operated a sole proprietorship known as the Mr. Sausage *46 Company. Petitioner maintained a checking account in the name of that company at the National City Bank of Cleveland until October 31, 1975. From January 1, 1975 through July 31, 1975 and from September 1, 1975 through October 31, 1975, petitioner deposited the following amounts into that account: Month
Amount
Jan.
$2,244.95
Feb.
1,858.25
Mar.
2,884.25
Apr.
5,033.94
May
950.05
June
3,262.95
July
6,101.70
Aug.
[2] 2,759.90
Sept.
3,209.36
Oct.
2,054.45
Total
$30,359.80
These totals were not contested by petitioner. On November 1, 1975, petitioner opened a checking account at the Central National Bank in the name of the Mr. Sausage Company. From that date until December 31, 1975, petitioner made total deposits of $5,316.91. Thus, petitioner's total bank deposits during the taxable year in the Mr. Sausage Company account were $35,676.71. This amount exceeded petitioner's schedule C income of $19,210 by a substantial margin. *47 [3]
During 1975 petitioner received payments from the Ohio State Bureau of Workmen's Compensation in satisfaction of a 60-percent permanent partial disability award. The initial payment, made on June 12, 1975, was for $4,984. Of this amount, petitioner paid $1,600 to his attorney and deposited the remaining $3,384 in the Mr. Sausage account. Throughout the remainder of 1975, petitioner received checks in the amount of $112 every 2 weeks from the Workmen's Compensation Bureau. He submitted deposit slips indicating that an additional $1,008 was deposited into his account from that source. Thus, a total of $4,392 in deposits represented tax-free funds obtained as part of petitioner's disability award. Petitioner and his wife were married on April 9, 1975. Among the wedding gifts received by them were a number of checks and a substantial amount of cash. These totaled approximately $3,600. On the day following the wedding, petitioner deposited $3,205 of this amount into the Mr. Sausage checking *48 account. During the year in question, petitioner also worked for an eating establishment called Chucky's Pizza. He deposited previously taxed wages earned by both himself and his wife from Chucky's Pizza into the Mr. Sausage account. Based upon the testimony presented and upon the deposit slips submitted by petitioner, we have determined this amount to total $2,653.50. Thus, of the total amount of income determined to be underreported by respondent's bank deposits method, $10,250.50 is attributable to non-taxable sources. OPINION Respondent's calculations revealed that petitioner underreported income by $16,466.96. We have found that $10,250.50 of this amount was derived from nontaxable sources and the remaining $6,216.46 to be unreported income. The next issue for our consideration is whether petitioner and his wife are liable for the addition to tax pursuant to section 6653(a). The burden of proof is upon petitioner to prove that the underpayment of tax was not due to negligence or intentional disregard of the rules and regulations. Enoch v. Commissioner,57 T.C. 781 (1972). No attempt was made to explain why petitioner and his wife underreported income *49 or why they overstated deductions, since conceded, for the taxable year 1975. [4] Accordingly, respondent's determination that petitioner and his wife are liable for the addition to tax is upheld. At trial, Mrs. Gallo indicated that she intended to avail herself of the innocent spouse provision of section 6013(e)(1). In order to so qualify, it is necessary, inter alia, for petitioner and his wife to have filed a joint return for 1975 and on that return there must have been omitted from gross income an amount properly includable therein which is in excess of 25 percent of the amount of gross income stated in the return. Sec. 6013(e)(1)(A). In the case of a trade or business, gross income means gross revenues prior to diminution by cost of sales or services. See sec. 6013(e)(2)(B) and sec. 6501(e)(1)(A)(i). Petitioner and his wife reported $10,173 in "wages, salaries, tips, and other employee compensation" for 1975 and $19,210 as gross receipts or sales from Mr. Sausage for total gross income reported of $29,383. The amount of income omitted from the 1975 return was found to be $6,216.46. Since *50 this omission is not in excess of 25 percent of the amount of gross income stated in the return, that is, $7,345.75, [5] Mrs. Gallo is not entitled to the benefits of the innocent spouse provision. Decisions will be entered under Rule 155.
Footnotes
1. With respect to docket No. 11402-79, respondent issued his notice of deficiency on May 4, 1979. With respect to docket No. 11813-79, respondent issued his notice of deficiency on June 4, 1979.↩
2. The bank statements for the month of August 1975 were not available. Respondent estimated that $2,759.90 was deposited during this month by taking the average of the amounts deposited in other months in 1975.↩
3. Petitioner's and Mrs. Gallo's 1975 Federal income tax return also reflected income in the form of "wages, salaries, tips, and other employee compensation" in the amount of $10,173.↩
4. Both petitioner and his wife declined to file briefs in this case.↩
5. $29,383 divided by 4 equals $7,345.75.↩